UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: DREW SMITH.

1:24-CV-9776 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

 Petitioner Drew Smith, who proceeds *pro se,* has filed, among other submissions, an "emergency petition for declaratory judgment and writ of prohibition" and a "motion for expedited relief" (ECF 1 & 3), seeking what appears to be, among other relief, immediate preliminary injunctive relief in relation to his claims that seek disqualification of President-elect Donald J. Trump from federal office. To obtain such relief, a litigant must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Immediate preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

 Petitioner's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies Petitioner's requests for immediate preliminary injunctive relief. The Court will issue an explanatory order at a later date.

## CONCLUSION

Inasmuch as Petitioner seeks, in his "emergency petition for declaratory judgment and writ of prohibition" and a "motion for expedited relief" (ECF 1 & 3), immediate preliminary injunctive relief, the Court denies that relief. The Court will issue an explanatory order at a later date, and will also address Plaintiff's other claims for relief in that order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 20, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge