UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: DREW SMITH.

1:24-CV-9776 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Drew Smith, of Frederick, Maryland, filed this action *pro se*, "requesting a Declaratory Judgment affirming that Donald J. Trump is disqualified from holding public office under Section 3 of the 14th Amendment, and . . . a Writ of Prohibition (or other writ) to enforce this ruling." (ECF 1, at 1.) Among the associated relief he seeks, Petitioner asks this Court to "[d]irect state and federal election officials, including the Electoral College electorates, to enforce this disqualification by excluding Donald J. Trump from any certifications as President on December 16, 2024[,] [o]r[,] in the event that it cannot be prevented timely, to issue a writ of prohibition[] to stop the inauguration proceedings." (*Id.* at 39.)

By Order dated December 20, 2024, the Court granted Petitioner *in forma pauperis* ("IFP") status. (ECF 6.) In another Order dated December 20, 2024, and entered three days later, on December 23, 2024, the Court denied Petitioner's "emergency petition for declaratory judgment and writ of prohibition" and his "motion for expedited relief" (ECF 1 & 3) inasmuch as Petitioner sought, in those submissions, immediate preliminary injunctive relief (ECF 7); the Court also informed Petitioner, in that Order, that it would issue an explanatory Order with respect to denying that relief at a later date and would also address his other claims in that explanatory Order (*id.*). In still another Order dated and entered on September 11, 2025, the Court denied Petitioner's motion for summary judgment (ECF 4) without prejudice to Petitioner's filing another such motion should this action proceed following review under the IFP

statute, 28 U.S.C. § 1915, and service of a summons and the initial pleading on Petitioner's opponent (ECF 8.)

For the reason discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.  Standing

The Court must dismiss this action for lack of standing. "Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

To demonstrate standing, a litigant must show that: (1) he has personally suffered some actual or threatened injury as a result of his opponent's alleged illegal conduct; (2) the injury is fairly traceable to his opponent's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church &*

2

*State, Inc.*, 454 U.S. 464, 472 (1982). The Supreme Court of the United States has made clear that, as to standing, "the [litigant] must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). In addition, to show standing, the litigant must demonstrate "a causal connection between the injury and the conduct complained of." *Id*. Finally, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks and citation omitted). The burden of establishing standing to sue rests with the party bringing the action. *Id.*

> Moreover:
>
> a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance about government— claiming only harm to his and every citizen's interest in proper application of the Constitution and the laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

*Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted). In short, standing requires a litigant to have "a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." *Baker v. Carr*, 369 U.S. 186, 204 (1962). Thus, "a voter fails to present an injury-in-fact [for the purpose of standing] when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate." *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001). "[S]tanding to sue may not be predicated upon an interest of the kind . . . [that] is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974).

3

In addition, Section 5 of the Fourteenth Amendment provides that: "Congress shall have power to enforce, by appropriate legislation, the provisions of this article." U.S. Const. amend. XIV, § 5. Section 3 of that amendment concludes, "Congress may by a vote of two-thirds of each House, remove . . . [the] disability" articulated in that Section by which a person is prohibited from holding federal office. *Id.* § 3. As the Supreme Court of the United States held in *Trump v. Anderson*, only Congress—pursuant to its power under Section 5 of the Fourteenth Amendment to pass appropriate legislation to enforce that amendment—may disqualify persons from holding federal office or from being federal candidates under Section 3 of that amendment. 601 U.S. 100, 110-11 (2024).

Here, Petitioner seeks to disqualify President Trump from holding federal office under Section 3 of the Fourteenth Amendment. Petitioner states that he has "standing as an American citizen . . . , as the issue raised involves a real and substantial constitutional question regarding the enforcement of Section 3 of the 14th Amendment." (ECF 1, at 22.) In addition, he asserts standing "as an American citizen, qualified voter, and U.S. resident[] with [a] vested interest in the constitutional eligibility of candidates for public office, particularly the office of the President of the United States." (*Id.*) Petitioner further states that, because "this issue involves the scope of constitutional compliance and public trust, standing applies universally to all citizens of the United States. . . . The scope of presidential authority directly impacts all citizens, granting . . . Petitioner sufficient interest in this matter." (*Id.*) Petitioner's claims are thus premised on alleged injuries that Petitioner shares with the general voting population of the United States—that is, injuries that he "suffers in some indefinite way in common with people generally." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (internal quotation marks and citation omitted).

Courts have not hesitated to dismiss similar actions brought by voters challenging election results or the certification of elections for lack of subject matter jurisdiction due to lack of standing. *See Collins v. Merrill*, No. 1:16-CV-9375 (RJS), 2016 WL 7176651, at *2 (S.D.N.Y. Dec. 7, 2016) (where the plaintiff "allege[d] that she ha[d] standing based on the fact that her 'personal rights' as a New York state voter '[were] at imminent risk of violation,' since the [Electoral College] Electors [were] scheduled to convene on December 19, 2016 to elect the next President of the United States," the court dismissed for lack of subject matter jurisdiction, because of lack of standing, as such claims were "premised entirely on alleged injuries that Plaintiff share[d] with the general voting population") (citations omitted); *id.* (noting that "Courts have not hesitated to dismiss similar allegations for lack of subject matter jurisdiction." (citing cases)). With respect to claims brought by another voter to disqualify President Trump from federal office pursuant to Section 3 of the Fourteenth Amendment, this Court has found that voter's "alleged injury . . . [to be] precisely the sort of generally available grievance that courts routinely hold does not confer standing." *Johnson v. Trump*, No. 1:25-CV-0607 (LTS), 2025 WL 2614677, at *4 (S.D.N.Y. Sept. 9, 2025) (internal quotation marks and citations omitted); *see Crist,* 262 F.3d at 195 (2d Cir. 2001); *Collins*, 2016 WL 7176651, at *2; *Fischer v. Cruz*, No. 16-CV-1224 (JS) (ARL), 2016 WL 1383493, at *2 (E.D.N.Y. Apr. 7, 2016) (voter lacked standing to sue for alleged injuries resulting from Senator Ted Cruz's presence on the 2016 presidential primary ballot, notwithstanding Senator Cruz's alleged ineligibility to qualify for the presidency, since "Plaintiff share[d] this alleged injury with every other voter in the State of New York").

"[O]nce a presidential election concludes, one's stake in the legitimacy of the candidate's presidency is 'shared by an even greater number of people, *i.e.,* all 300 million-plus U.S. citizens, whether voters or not.'" *Johnson*, 2025 WL 2614677, at *4 (quoting *Berg v.*

*Obama*, 586 F.3d 234, 240 (3d Cir. 2009)). Accordingly, Petitioner has failed to satisfy the standing requirement of alleging a concrete and particularized personal and specific injury-in-fact to himself. The Court therefore dismisses this action, for lack of standing and, thus, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62 ("If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.      Leave to amend is denied**

District courts generally grant a *pro se* litigant an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Petitioner's pleading cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his pleading.

**CONCLUSION**

The Court dismisses this action for lack of standing and, therefore, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). For this reason, the Court denies all of Petitioner's requests for relief, including any requests for immediate preliminary injunctive relief. (ECF 1 & 3.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment dismissing this action for the reason set forth in this Order.

SO ORDERED.

Dated:    January 6, 2026
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge